999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gilbert J. MIMS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5346.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 Before MILBURN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Gilbert J. Mims, a pro se Kentucky prisoner, appeals a district court judgment dismissing his third motion to vacate sentence filed under 28 U.S.C. § 2255 and his petition for a writ of coram nobis filed under Fed.R.Civ.P. 60(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, Mims pleaded guilty to one count of conspiracy to possess with intent to distribute a measurable amount of a substance containing cocaine base. Three additional counts were dismissed pursuant to a plea agreement. He was sentenced to 120 months imprisonment and to 3 years supervised release. Mims appealed the denial of his motion to suppress evidence, which was affirmed by this court.
 
 
 3
 In his third § 2255 motion and in his petition for a writ of coram nobis (which has been construed as an amendment to his § 2255 motion), Mims raises two new claims that he never raised in his prior § 2255 motions. He alleged a due process and double jeopardy claim in connection with his drug offense level under the sentencing guidelines and that he was denied his right of allocution at sentencing.
 
 
 4
 Upon review, we conclude that the district court properly denied Mims's current § 2255 motion as an abuse of the writ under Rule 9 of the Rules Governing Section 2255 Cases. Mims raised two new grounds for relief in his current § 2255 motion which he did not raise in his prior § 2255 motions, and he has failed to show cause why these claims were not raised previously or actual prejudice resulting from his failure to do so. See McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). Mims has also not supplemented his claims with a colorable showing of factual innocence so as to invoke federal review in this case. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.